UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL GARDNER, BAYTREE CAPITAL
ASSOCIATES, LLC, TREELINE INVESTMENT
PARTNERS, LLP, SEAN DESON, DAVID
JAROSLOWICZ and GENE ROSENFELD,
Derivatively and on Behalf of SecureLogic Corp.,

        Plaintiffs,

    v.

GARY KOREN, SHALOM DOLEV,
CATHAL L. FLYNN, IFTACH YEFFET,
TONY GROSS AND MICHAEL KLEIN,

        Defendants,

    - and -

SecureLogic Corp.,

        Nominal Defendant.
------------------------------------------------------------X

Civil No. 07cv645(MGC)(THK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/08

## ORDER AND PARTIAL FINAL JUDGMENT OF DISMISSAL

A hearing having been held before this court on May 1st, 2008, pursuant to this court's order of January 31, 2008, on the settlement set forth in the Settlement Agreement and Release ("Settlement Agreement") dated December 28, 2007, in the above-captioned action;

Upon reading the Declaration of Joshua S. Horenstein, Esq. dated April 30, 2008 it appearing that due notice was given in accordance with the order of the court to shareholders of SecureLogic Corp;

The respective parties having appeared by their respective attorneys, and such attorneys having been heard;

1

No person or entity having objected to the Settlement Agreement, the terms of settlement of the alleged derivative claims as set forth in the Settlement Agreement, and the terms of the exemption from registration of the shares of the Licensee-Sub Shares created pursuant to a spin-out; and

The approval of the Settlement Agreement having been considered by the Court, the Court having made its findings of fact and conclusions of law; now, therefore,

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Pursuant and subject to the provisions and conditions of the Settlement Agreement, the alleged derivative claims are properly maintained as derivative claims under Rule 23.1 of the Federal Rules of Civil Procedure (Fed R Civ P Rule 23.1).

2. The Court approves and adjudges the terms and conditions of the Settlement Agreement and the terms of settlement of the derivative and class claims set forth in the Settlement Agreement, to be fair, reasonable, and adequate,.

3. At this time, the Court reserves judgment with respect to whether the proposal pertaining to the distribution of the Licensee-Sub Shares, on a pro rata basis, to those stockholders described in the Stipulation, is fair to all stockholders pursuant to 15 U.S.C. 77c(a)(10). Plaintiffs are to provide the Court with further briefing with respect to this issue on or before May 15, 2008. The Court will hold a further hearing with respect to this issue on May 22, 2008 at 3:30pm and will render a determination thereafter.

4. Plaintiffs and Defendants are authorized to take all actions necessary to effectuate the terms and conditions of the Settlement Agreement.

5. The Court retains jurisdiction to enforce the terms of the Stipulation of Settlement.

2

6. This Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (Fed R Civ P Rule 54(b)), that the findings in paragraphs two (2) and four (4) of this order with respect to the terms and conditions of the Settlement Agreement constitute a partial final judgment for purposes of appeal, there being no just reason for delay in the entry of a partial final judgment, notwithstanding the reservation of judgment with respect to the spin-out of Licensee-Sub Shares, and the Clerk is directed to enter partial judgment in this action.

Dated: May 5, 2008

_____
Hon. Miriam Goldman Cedarbaum